1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11   ERNEST RUIZ,                              CASE NO. 09-CV-1824-H (MDD)
12                            Plaintiff,       **ORDER**
13                                             **(1) GRANTING DEFENDANT**
                                               **SYSCO CORPORATION'S MOTION**
14                                             **FOR SUMMARY JUDGMENT AS**
                                               **TO ALL CLAIMS;**
15        vs.
                                               **(2) GRANTING DEFENDANTS'**
16                                             **MOTION FOR SUMMARY**
                                               **JUDGMENT AS TO PLAINTIFF'S**
17                                             **STATE LAW CLAIMS; AND**
18                                             **(3) CONTINUING DEFENDANT**
                                               **SYSCO SAN DIEGO'S MOTION**
19   SYSCO CORPORATION; SYSCO SAN              **FOR SUMMARY JUDGMENT AS**
     DIEGO, INC.; TEAMSTERS LOCAL             **TO PLAINTIFF'S CLAIMS FOR**
20   UNION NO. 683; and DOES 1-30,            **UNLAWFUL DISCHARGE AND**
     inclusive,                                **BREACH OF UNION'S DUTY OF**
21                                             **FAIR REPRESENTATION, 29 U.S.C.**
                             Defendants.       **§185, PENDING FURTHER**
22                                             **BRIEFING FROM THE PARTIES**
23        On March 16, 2010, Plaintiff Ernest Ruiz ("Plaintiff") filed a Third Amended

24   Complaint ("TAC"), alleging causes of action for (1) unlawful discharge and breach of union's

25   duty of fair representation, 29 U.S.C. § 185; (2) disability discrimination, Cal. Gov't Code §

26   12940(a); (3) failure to accommodate, Cal. Gov't Code § 12940(m); (4) failure to engage in

27   interactive process, Cal. Gov't Code § 12940(n); (5) disability discrimination, Cal. Gov't Code

28   § 12900 et. seq.; (6) retaliation for requesting a reasonable accommodation, Cal. Gov't Code

                                        - 1 -                              09cv1824

§ 12900 et. seq.; (7) age discrimination, Cal. Gov't Code § 12940(a); (8) age harassment, Cal. Gov't Code § 12900 et seq.; (9) age discrimination in employment, 29 U.S.C. §§ 621-34; (10) failure to prevent and remedy discrimination, harassment and retaliation, Cal. Gov't Code § 12940(k); and (11) tortious termination/failure to reinstate in violation of public policy. (Doc. No. 32, TAC).

On May 13, 2011, Defendants Sysco San Diego, Inc. and Sysco Corporation ("Defendants") filed a motion for summary judgment or, in the alternative, partial summary judgment in this case. (Doc. No. 71.) Defendants move for summary judgment on all of Plaintiff's claims. (Doc. No. 71-1.) On July 11, 2011, Plaintiff filed his response in opposition to Defendants' motion. (Doc. No. 76.) In his response in opposition to the motion for summary judgment, Plaintiff agreed to dismiss claims five, six, seven, eight and nine: (5) disability discrimination, Cal. Gov't Code § 12900 et. seq.; (6) retaliation for requesting a reasonable accommodation, Cal. Gov't Code § 12900 et. seq.; (7) age discrimination, Cal. Gov't Code § 12940(a); (8) age harassment, Cal. Gov't Code § 12900 et seq.; and (9) age discrimination in employment, 29 U.S.C. §§ 621-34. (See Doc. No. 76 at 6 n.1.) On July 18, 2011, Defendants filed a reply in support of their motion. (Doc. No. 77.) The Court held a hearing on the matter on July 25, 2011. Reza Keramati appeared on behalf of Plaintiff. Lara Strauss appeared on behalf of Defendants. On July 25, 2011, the Court ordered additional briefing from the parties. (Doc. No. 79.)

For the following reasons, the Court GRANTS Defendant Sysco Corporation's motion for summary judgment as to all claims. The Court GRANTS Defendant Sysco San Diego's motion for summary judgment as to Plaintiff's claims for disability discrimination, Cal. Gov't Code § 12940(a); failure to accommodate, Cal. Gov't Code § 12940(m); failure to engage in interactive process, Cal. Gov't Code § 12940(n); disability discrimination, Cal. Gov't Code § 12900 et. seq.; retaliation for requesting a reasonable accommodation, Cal. Gov't Code § 12900 et. seq.; age discrimination, Cal. Gov't Code § 12940(a); age harassment, Cal. Gov't Code § 12900 et seq.; age discrimination in employment, 29 U.S.C. §§ 621-34; failure to prevent and remedy discrimination, harassment and retaliation, Cal. Gov't Code § 12940(k);

and tortious termination/failure to reinstate in violation of public policy.  The Court continues

Defendant Sysco SD's motion for summary judgment as to Plaintiff's claims for unlawful

discharge and breach of union's duty of fair representation, 29 U.S.C. § 185 pending further

briefing from the parties.

## Background

Plaintiff Ernest Ruiz worked as a delivery driver by Defendant Sysco San Diego ("Sysco SD") from November 2, 1998 until February 23, 2009.  (Doc. No. 71-4, Declaration of Lori Wolner ("Wolner Decl."), ¶ 3.)  Sysco SD's drivers and warehouse workers are organized by Teamsters Local Union No. 683 ("Local 683").  As a driver for Sysco SD, Plaintiff had a membership in a local chapter of the International Brotherhood of Teamsters, and his employment was covered by a collective bargaining agreement ("CBA").  (Doc. No. 76-3, Ex. 3, Agreement Between Teamsters Union Local 683 and Sysco Foods Services of San Diego, November 4, 2007 through November 3, 2013; Doc. No. 76-2, Ruiz Depo. at 27:14-23, 28:9-23.)

The CBA between Sysco SD and Local 683 establishes the employment terms and conditions for Sysco SD's drivers and warehouse workers.  (Ruiz Depo. at 28:9-30:8; Defendants' Notice of Lodgment ("NOL"), Exs. E, F; Wolner Depo., 126:2-15.)  The CBA provided for a yearly bid of available semi-trailer driver positions based on seniority.  (Doc. No. 76-3, CBA, art. 24.)

On March 6, 2006, Plaintiff hurt his lower back and right shoulder while delivering product as a cruise line driver.  (Doc. No. 71-5, Ex. H.)  Plaintiff stopped working after his treating physicians placed him on work restrictions until March 2008.  (Ruiz Depo. at 97:8-9; 103:20-104:11; 124:21-125:3; 113:22-114:7; 120:11-22; 136:5-7; 193:18-20; 268:16-21; NOL, Exhs. J, K, L, N.)  Following his injury, Sysco SD provided Plaintiff with a combination of leave and light duty work.  (Ruiz Depo. at 149:1-22.)  On March 27, 2007, Plaintiff met with Sysco SD's Vice President of Operations and Vice President of Human Resources, as well as with Local 683's business agent.  At Sysco SD, the job accommodations available to injured drivers were various leaves of absence and light duty work.  (Wolner Depo. at 117:15-22;

1   Sadler Depo. at 59:18-60:6.)

2          During 2007 and 2008, while Plaintiff was on leave and performing light duty, Local

3   683 challenged Sysco SD's interpretation of Article 24(1)(9) of the CBA.  (Wolner Depo. at

4   65:15-66:16.)  Article 24(1)(9) of the CBA provides that unavailability for work for 18 months

5   due to illness or injury constitutes a break in service resulting in a loss of seniority.  (Doc. No.

6   76-3, CBA, art. 24.)  On February 18, 2009, an arbitrator decided the union-initiated grievance

7   on behalf of another employee and confirmed that the CBA provided for loss of seniority

8   rights, including termination, when covered employees were unable to work for 18 or more

9   months. (NOL Ex. 4, Wolner Depo. at 74:14-75:7; 198:10-21; Ex. O, Arbitration Decision

10  dated Feb. 18, 2009.) On February 23, 2009, Sysco SD terminated Plaintiff's employment

11  pursuant to Article 24(1)(9) of the CBA because he had been unable to perform bargaining-unit

12  work for over 23 months and lost his seniority under the CBA.

13                          **I.  Summary Judgment Standard**

14         Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

15  Procedure if the moving party demonstrates the absence of a genuine issue of material fact

16  and entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322

17  (1986). A fact is material when, under the governing substantive law, it could affect the

18  outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman

19  v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997).  A dispute is genuine if a reasonable jury

20  could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 248.

21         A party seeking summary judgment always bears the initial burden of establishing

22  the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving

23  party can satisfy this burden in two ways: (1) by presenting evidence that negates an

24  essential element of the nonmoving party's case; or (2) by demonstrating that the

25  nonmoving party failed to establish an essential element of the nonmoving party's case on

26  which the nonmoving party bears the burden of proving at trial.  Id. at 322-23.  "Disputes

27  over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  T.W.

28  Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

1    Once the moving party establishes the absence of genuine issues of material fact, the

2    burden shifts to the nonmoving party to set forth facts showing that a genuine issue of

3    disputed fact remains.  Celotex, 477 U.S. at 322.  The nonmoving party cannot oppose a

4    properly supported summary judgment motion by "rest[ing] on mere allegations or denials

5    of his pleadings."  Anderson, 477 U.S. at 256.

6         When ruling on a summary judgment motion, the court must view all inferences

7    drawn from the underlying facts in the light most favorable to the nonmoving party.

8    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The Court

9    does not make credibility determinations with respect to evidence offered.  See T.W. Elec.,

10   809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587).  Summary judgment is therefore

11   not appropriate "where contradictory inferences may reasonably be drawn from undisputed

12   evidentiary facts...."  Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324,

13   1335 (9th Cir. 1980).

14                                  **II.  Discussion**

15        **A.      Plaintiff's Claims Against Defendant Sysco Corporation**

16        Defendants argue that Plaintiff cannot hold Sysco Corporation liable for any of his

17   claims, because  Sysco Corporation never employed Plaintiff.  (Doc. No. 71-1 at 14.)

18   Defendants point out that Plaintiff's claims derive from the California Fair Employment

19   and Housing Act ("FEHA") and the Age Discrimination in Employment Act ("ADEA"),

20   which require an employment relationship to establish liability.  (Id.)  In his response in

21   opposition, Plaintiff argues that because Sysco Corporation is the parent corporation of

22   Sysco SD, it may be liable to Plaintiff.  (Doc. No. 76 at 16.)

23        An employee who seeks to hold a parent corporation liable under FEHA for the acts

24   or omissions of its subsidiary on the theory that the two corporate entities constitute a

25   single employer has to meet a heavy burden.  See Laird v. Capital Cities/ABC, Inc., 80 Cal.

26   Rptr.2d 454, 460 (Ct. App. 1998).  "[T]here is a strong presumption that a parent company

27   is not the employer of its subsidiary's employees."  Id.  To determine whether two

28   corporations are a single employer, court employ an "integrated enterprise" test, which

looks at four factors: interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.  Id. at 460-61 (citations omitted).  "Under this test, common ownership or control alone is never enough to establish parent liability."  Id. at 454.  And "[a]lthough courts consider the four factors together, they often deem centralized control of labor relations the most important."  Id. "The critical question is, [w]hat entity made the final decisions regarding employment matters related to the person claiming [injury]?  A parent's broad general policy statements regarding employment matters are not enough to satisfy this prong. To satisfy the control prong, a parent must control day-to-day employment decisions of the subsidiary."  Id. (internal quotation marks and citations omitted).

> To make a sufficient showing of "interrelation of operations" on summary judgment, the plaintiff must do more than merely show that officers of the subsidiary report to the parent corporation or that the parent benefits from the subsidiary's work.  Since these facts exist in every parent-subsidiary situation, such a showing would create a triable issue of material fact in every case.  What the plaintiff must show, rather, is that the parent has exercised control to a degree that exceeds the control normally exercised by a parent corporation.

Id. (internal quotation marks and citation omitted).

The Court concludes that Plaintiff has not met his burden to overcome the presumption that Sysco Corporation was not his employer.  Plaintiff argues that Sysco Corporation and Sysco SD have an interrelated management system with some centralized labor relations.  (Doc. No. 76 at 16.)  Plaintiff offers evidence that Sysco Corporation assisted with discrimination complaints, provided training regarding labor matters, and supported various departments such as benefits, diversity, and labor relations.  (Id.; Doc. No. 76-3, Wolner Depo. at 14:5-24.)  This evidence is insufficient to support a finding that Sysco Corporation exercised day-to-day control over Sysco SD's employment decisions in general, or that it exercised any control over Sysco SD's decisions with respect to Plaintiff. Defendants point out that Plaintiff never held a position with Sysco Corporation, was never on Sysco Corporation's payroll, Sysco Corporation and Sysco SD maintain separate

officers, management, personnel, and finances, Sysco Corporation does not exercise any type of day-to-day control over Sysco SD's operations or human resources department. (Doc. No. 71-1 at 14-15; Doc. No. 71-3, Wisnoski Decl. ¶¶ 2-3.)  The Court concludes that Plaintiff cannot hold Sysco Corporation liable under the integrated enterprise test as a matter of law. Accordingly, the Court GRANTS Defendant Sysco Corporation's motion for summary judgment on all claims.

### B.    Plaintiff's State Law Claims

#### 1.    Disability Discrimination and Failure to Accommodate

To establish a prima facie case of disability discrimination under the FEHA, Plaintiff must establish that: (1) he suffers from a disability; (2) he otherwise was qualified to do his job; and (3) he was subjected to an adverse employment action because of his disability.  Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 886 (2007). On a motion for summary judgment brought against such a cause of action the plaintiff bears the burden of establishing a prima facie case of discrimination based upon physical disability, and the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action.  Once the employer has done so the plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated.  Deschene v. Pinole Point Steel Co., 76 Cal. App.4th 33, 44 (Ct. App. 1999). No discrimination occurs when an employer refuses to hire or takes adverse action against an employee who is unable to perform his or her essential duties even with reasonable accommodations.  See Cal. Gov't Code § 12940(a).

Plaintiff alleging a claim for failure to accommodate must show that: (1) he has a disability under FEHA, (2) he is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate his disability.  Scotch v. Art Inst. of California-Orange Cnty., Inc., 173 Cal. App. 4th 986, 1009-10 (2009).  Employers need not provide accommodations that would cause undue hardship, Cal. Gov't Code §

1    12940(m).  Furthermore, the FEHA does not require that the employer create a new

2    position for an employee, or a temporary light-duty assignment where no such position

3    existed previously.  Watkins v. Ameripride Servs., 375 F.3d 821, 828-29 (9th Cir. 2004);

4    see also Raine v. City of Burbank, 1135 Cal. App. 4th 1215, 1227 (2006).  Finally, an

5    employer is not required to eliminate "essential functions" of a job, or reallocate them to

6    other employees.  Wilmarth v. City of Santa Rosa, 945 F. Supp. 1271, 1278 (N.D. Cal.

7    1996).

8         Defendants argue that Plaintiff cannot show he was otherwise qualified to perform

9    the essential function of a driver, with or without a reasonable accommodation.  (Doc. No.

10   71-1 at 18.)  The FEHA defines essential functions as "the fundamental job duties of the

11   employment position the individual with a disability holds or desires" not including the

12   "marginal functions of the position."  Cal. Gov't Code § 12926(f).  Evidence of whether a

13   particular function qualifies as essential includes, but is not limited to, the following: (1)

14   the employer's judgment as to which functions are essential; (2) the written job description;

15   (3) the amount of time spent on the job performing the function; (4) the consequences of

16   not requiring the incumbent to perform the function; (5) the terms of a collective bargaining

17   agreement; (6) the work experiences of past incumbents in the job; and (7) the current work

18   experience of incumbents in similar jobs.  Cal. Gov't Code § 12926(f)(2).

19        Defendants offered evidence that the driver classification requires "extensive lifting

20   and carrying of a variety of weights and handling boxes with various dimensions."  (Doc.

21   No. 71-5, Ex. G, Job Function Analysis at 210.)  Defendants also offered evidence that

22   Plaintiff's doctors stated that Plaintiff was to avoid bending and stooping and should not lift

23   greater than 50 pounds for almost two years.  (Ruiz Depo. at 136:5-7; 193:18-20.)  Thus,

24   Defendants argue that Plaintiff was not a qualified worker who could perform the essential

25   functions of the job.  Citing to the Ninth Circuit decision in Watkins v. Ameripride Servs.,

26   375 F.3d 821 (9th Cir. 2004), Defendants also argue that Sysco SD was not required to

27   create a special position to accommodate Ruiz. (Doc. No. 77 at 9.)  In Watkins, the Ninth

28   Circuit held that where an employer had no existing position involving exclusively specials

1  deliveries, it was not required to create a specials driver position to accommodate an

2  injured delivery driver under the FEHA. <u>Watkins</u>, 375 F.3d at 828. Defendants argue that

3  Sysco SD, just like the employer in <u>Watkins</u>, had no obligation to create a special

4  "spotter-only" position without delivery duties to accommodate Plaintiff.

5      It is undisputed that the driver position was the only position available to Plaintiff

6  based on the CBA. (<u>See</u> NOL, Exs. E, F.) It is also undisputed that Plaintiff could not

7  perform all of the job functions of the driver position with his work restrictions. (Ruiz

8  Depo. at 136:5-7; 193:18-20.) The only accommodation Plaintiff wanted from Sysco SD

9  was a special "spotter-only" position in which he would never have to run a delivery route

10 or help other drivers with deliveries.[1] However, no such special position existed, and under

11 the current FEHA statute, Sysco SD did not have an obligation to create that special

12 "spotter-only" position to accommodate Plaintiff. <u>See</u> <u>Watkins</u>, 375 F.3d at 828. The

13 Court concludes that Plaintiff fails to state a claim for disability discrimination and failure

14 to accommodate. Accordingly, the Court GRANTS Defendant's motion for summary

15 judgment on Plaintiff's claims for disability discrimination and failure to accommodate.

16              **2.      Failure to Engage in Interactive Process**

17     The FEHA requires an employer to "engage in a timely, good faith, interactive

18 process with the employee . . . to determine effective reasonable accommodations, if any, in

19 response to a request for reasonable accommodation by an employee . . . with a known

20 physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n).

21     Defendant moves for summary judgment as to Plaintiff's claim for failure to engage

22 in the interactive process in violation of the FEHA, arguing that this claim is foreclosed by

23 the fact that Sysco SD reasonably accommodated Plaintiff's disability. (Doc. No. 71-1 at

24 22-23.) Defendant argues that the basis for this claim is not any alleged failure by Sysco

25 SD to meet with Plaintiff, but rather Plaintiff's disagreement with the accommodation

26 _____

27 [1] Defendants filed evidentiary objections to the evidence Plaintiff submitted along with his response in opposition to the motion for summary judgment. (Doc. No. 77-1.) The Court sustains the objections to the extent they are properly made. The Court overrules the objections to the extent they are improper.

28

Sysco SD offered.  Sysco SD offers evidence that Defendant's representatives met with Plaintiff in March 2007 in response to his request to talk about his injuries and work restrictions.  (Ruiz Depo. at 185:21-186:10; 135:10-23.)  It is undisputed that Sysco SD never refused a request by Plaintiff to talk about his work restrictions.  (Ruiz Depo. at 303:16-20.)  Additionally, Sysco SD did not have a duty to create a special spotter-only position for Plaintiff.  See Watkins, 375 F.3d at 828.  Accordingly, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's claim for failure to engage in interactive process.

### 3.    Failure to Prevent and Remedy Discrimination

The FEHA provides makes it an unlawful employment practice to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Cal. Gov't Code § 12940(k).  Defendant moves for summary judgment on Plaintiff's claim for failure to prevent and remedy discrimination under section 12940(k), arguing that Sysco SD took reasonable steps to prevent discrimination and harassment from occurring by having a written policy against discrimination and harassment which was distributed to employees both through the employee handbook and in the written code of conduct.  (Doc. No. 71-1 at 30.)  Sysco SD also argues that no discrimination or harassment occurred. Finally, Sysco SD points out that Plaintiff conceded that he never reported any of the alleged discrimination and harassment. (Ruiz Depo. at 38:4-9; 42:21-24; 45:11-13; 47:17-25.)  Plaintiff has not come forward with any admissible evidence to show any discrimination or harassment.  Celotex, 477 U.S. at 322.  Additionally, the Court concluded that Sysco SD is not liable to Plaintiff on his failure to accommodate claim.  See Watkins, 375 F.3d at 828.  As a result, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's claim for failure to prevent and remedy discrimination.

### 4.    Wrongful Termination in Violation of Public Policy

Defendant moves for summary judgment on Plaintiff's claim that Sysco SD wrongfully terminated his employment in violation of public policy.  (Doc. No. 71-1 at 31.) In California, a discharge in violation of FEHA may give rise to a common law claim for

tortious discharge in violation of public policy. Stevenson v. Sup. Court, 16 Cal.4th 880, 887-88 (1997); City of Moorpark v. Sup. Court, 18 Cal. 4th 1143, 1159-60 (1998) ("the FEHA clearly delineates a policy against disability discrimination in employment"). Defendant argues that because this claim derives from and is wholly dependent on Plaintiff's other claims for violations of the FEHA, it must fail for the same reason as the other claims. The Court agrees. Because the Court concluded that Sysco SD is not liable to Plaintiff under the FEHA, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's claim for wrongful termination in violation of public policy.

### 5.    Preemption

Defendants also argue that Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in interactive process, brought under California Government Code § 12940, fail because they are preempted by the LMRA. (Doc. No. 71-1 at 15.)

Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405–06 (1988)). In determining whether LMRA preemption applies, "[t]he plaintiff's claim is the touchstone for [the] analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir.2001).

Further, a "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." Ramirez, 998 F.2d at 749. "Causes of action that only tangentially involv[e] a provision of a collective bargaining agreement are not preempted by section 301. Nor are causes of action which assert nonnegotiable state-law rights ... independent of any right established by contract." Id. at 748 (citations and internal quotation marks omitted). Thus, as the Ninth Circuit

observes, "[t]he demarcation between preempted claims and those that survive § 301's

reach is not ... a line that lends itself to analytical precision." <u>Cramer</u>, 255 F.3d at 691.

"'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of

each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not

always clear or amenable to a bright-line test." <u>Id.</u>

Defendant Sysco SD argues that Plaintiff's state law claims for disability

discrimination, failure to accommodate, and failure to engage in interactive process require

interpretation of the term "job classification–semi-trailer drivers" as referenced in the CBA.

(Doc. No. 71-1 at 16.) Sysco SD also argues that Article 24(1)(9) of the CBA establishes a

quasi-presumption of what qualifies as a reasonable accommodation, because it provides

that an employee who is unavailable for work in excess of 18 months need not be

accommodated further. (<u>Id.</u>) Sysco SD also points out that any dispute about that

provision, including whether it triggers termination or only a loss of seniority, and whether

"unavailable" means unavailable for bargaining unit work, was already resolved through

the arbitration process provided in the CBA. (<u>Id.</u> at 16-17.)

Plaintiff's claims against Sysco SD depend on the meaning of the CBA's driver

classification. <u>See</u> <u>Ramirez</u>, 998 F.2d at 748. Additionally, because Plaintiff's termination

was pursuant to article 24 of the CBA, the Court cannot conclude that the interpretation of

the parties' CBA is merely tangential to this dispute. <u>Id.</u> at 748. Accordingly, the Court

concludes that Plaintiff's claims are preempted by the LMRA. In any event, as discussed

above, Plaintiff's claims under the FEHA fail as a matter of law.

### C.    Plaintiff's Claims Under the LMRA

Defendants argue that Plaintiff's claim for unlawful discharge and breach of union's

duty of fair representation under the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 185, fails because the LMRA only permits suit by and against labor organizations,

and does not provide a right of action against an employer or employer's corporate parent.

(Doc. No. 71-1 at 15.) In response, Plaintiff argues that employers are proper defendants

for such claims. (Doc. No. 76 at 17.)

"Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, 'provides a statutory mechanism for vindicating contract rights under a collective bargaining agreement.'" Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 985 (9th Cir. 2007) (quoting Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 511 (9th Cir.1978). Although claims arising under a collective bargaining agreement are generally brought by the union, "it is well settled that rights which are personal rights of the employees may be enforced by them directly under section 301." Id. (citing Lerwill, 582 F.2d at 511); see also DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 163 (1983) ("It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." Thus, a former employee may properly asserts claims involving wrongful discharge in a direct suit against the employer under section 301. Soremekun, 509 F.3d at 985; Lerwill, 582 F.2d at 511.

In their reply, Defendants also argue that Plaintiff's claim against Sysco SD fails as a matter of law, because Plaintiff has not met his burden of demonstrating breach of duty by the union. (Doc. No. 77 at 7.) Defendants argue that Plaintiff cannot show that Local 683 breached its duty to the Plaintiff, because Local 683 did not contest Plaintiff's discharge. (Id.) The Court requested additional briefing from the parties on this issue. (Doc. No. 79.) Accordingly, the Court continues Defendant's motion for summary judgment as to Plaintiff's claim for unlawful discharge and breach of union's duty of fair representation under the LMRA pending further briefing.

### Conclusion

For the reasons above, the Court:

(1) GRANTS Defendant Sysco Corporation's motion for summary judgment as to all claims;

(2) GRANTS Defendant Sysco San Diego's motion for summary judgment as to Plaintiff's claims for disability discrimination, Cal. Gov't Code § 12940(a); failure to accommodate, Cal. Gov't Code § 12940(m); failure to engage in interactive process, Cal. Gov't Code § 12940(n); disability discrimination, Cal. Gov't Code § 12900 et. seq.;

retaliation for requesting a reasonable accommodation, Cal. Gov't Code § 12900 et. seq.; age discrimination, Cal. Gov't Code § 12940(a); age harassment, Cal. Gov't Code § 12900 et seq.; age discrimination in employment, 29 U.S.C. §§ 621-34; failure to prevent and remedy discrimination, harassment and retaliation, Cal. Gov't Code § 12940(k); and tortious termination/failure to reinstate in violation of public policy;

(3) continues Defendant Sysco SD's motion for summary judgment as to Plaintiff's claims for unlawful discharge and breach of union's duty of fair representation, 29 U.S.C. § 185, pending further briefing from the parties.

**IT IS SO ORDERED.**

DATED: July 29, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

- 14 -