# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST RUIZ, <br><br> Plaintiff, <br><br> vs. <br><br> SYSCO CORPORATION; SYSCO SAN DIEGO, INC.; TEAMSTERS LOCAL UNION NO. 683; and DOES 1-30, inclusive, <br><br> Defendants. | CASE NO. 09-CV-1824-H (MDD) <br><br> **ORDER GRANTING DEFENDANT SYSCO SAN DIEGO'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIMS FOR UNLAWFUL DISCHARGE AND BREACH OF UNION'S DUTY OF FAIR REPRESENTATION, 29 U.S.C. §185** <br><br> [Doc. No. 71.] |

On March 16, 2010, Plaintiff Ernest Ruiz ("Plaintiff") filed a Third Amended Complaint ("TAC"), alleging causes of action for unlawful discharge and breach of union's duty of fair representation, 29 U.S.C. § 185, and various causes of action under the California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12900 et. seq. (Doc. No. 32, TAC). On May 13, 2011, Defendants Sysco San Diego, Inc. and Sysco Corporation ("Defendants") filed a motion for summary judgment on all of Plaintiff's claims. (Doc. No. 71.) The Court held a hearing on the matter on July 25, 2011, and ordered additional briefing from the parties regarding Plaintiff's claims for unlawful discharge and breach of union's duty of fair

representation.[1] (Doc. No. 79.) On August 3, 2011, Plaintiff filed his surreply to Defendants' motion for summary judgment. (Doc. No. 81.) On August 10, 2011, Defendant Sysco San Diego filed its response. (Doc. No. 85.) The Court held a hearing on the matter on August 16, 2011. Reza Keramati appeared on behalf of Plaintiff. Lara Strauss appeared on behalf of Defendants. For the following reasons, the Court GRANTS Defendant Sysco San Diego's motion for summary judgment as to Plaintiff's cause of action for unlawful discharge and breach of union's duty of fair representation.

## **Background**

Plaintiff Ernest Ruiz worked as a delivery driver by Defendant Sysco San Diego ("Sysco SD") from November 2, 1998 until February 23, 2009. (Doc. No. 71-4, Declaration of Lori Wolner ("Wolner Decl."), ¶ 3.) Sysco SD's drivers and warehouse workers are organized by Teamsters Local Union No. 683 ("Local 683"). As a driver for Sysco SD, Plaintiff had a membership in a local chapter of the International Brotherhood of Teamsters, and his employment was covered by a collective bargaining agreement ("CBA"). (Doc. No. 76-3, Ex. 3, Agreement Between Teamsters Union Local 683 and Sysco Foods Services of San Diego, November 4, 2007 through November 3, 2013; Doc. No. 76-2, Ruiz Depo. at 27:14-23, 28:9-23.)

The CBA between Sysco SD and Local 683 establishes the employment terms and conditions for Sysco SD's drivers and warehouse workers. (Ruiz Depo. at 28:9-30:8; Defendants' Notice of Lodgment ("NOL"), Exs. E, F; Wolner Depo., 126:2-15.) The CBA provided for a yearly bid of available semi-trailer driver positions based on seniority. (Doc. No. 76-3, CBA, art. 24.)

---

[1] The Court granted Defendant Sysco Corporation's motion for summary judgment as to all of Plaintiff's claims, and granted Defendant Sysco San Diego's motion for summary judgment as to Plaintiff's claims for disability discrimination, Cal. Gov't Code § 12940(a); failure to accommodate, Cal. Gov't Code § 12940(m); failure to engage in interactive process, Cal. Gov't Code § 12940(n); disability discrimination, Cal. Gov't Code § 12900 et. seq.; retaliation for requesting a reasonable accommodation, Cal. Gov't Code § 12900 et. seq.; age discrimination, Cal. Gov't Code § 12940(a); age harassment, Cal. Gov't Code § 12900 et seq.; age discrimination in employment, 29 U.S.C. §§ 621-34; failure to prevent and remedy discrimination, harassment and retaliation, Cal. Gov't Code § 12940(k); and tortious termination/failure to reinstate in violation of public policy. (Doc. No. 80.)

On March 6, 2006, Plaintiff hurt his lower back and right shoulder while delivering product as a cruise line driver. (Doc. No. 71-5, Ex. H.) Plaintiff stopped working after his treating physicians placed him on work restrictions until March 2008. (Ruiz Depo. at 97:8-9; 103:20-104:11; 124:21-125:3; 113:22-114:7; 120:11-22; 136:5-7; 193:18-20; 268:16-21; NOL, Exhs. J, K, L, N.) Following his injury, Sysco SD provided Plaintiff with a combination of leave and light duty work. (Ruiz Depo. at 149:1-22.) On March 27, 2007, Plaintiff met with Sysco SD's Vice President of Operations and Vice President of Human Resources, as well as with Local 683's business agent. At Sysco SD, the job accommodations available to injured drivers were various leaves of absence and light duty work. (Wolner Depo. at 117:15-22; Sadler Depo. at 59:18-60:6.)

During 2007 and 2008, while Plaintiff was on leave and performing light duty, Local 683 challenged Sysco SD's interpretation of Article 24(1)(9) of the CBA. (Wolner Depo. at 65:15-66:16.) Article 24(1)(9) of the CBA provides that unavailability for work for 18 months due to illness or injury constitutes a break in service resulting in a loss of seniority. (Doc. No. 76-3, CBA, art. 24.) On February 18, 2009, an arbitrator decided the union-initiated grievance on behalf of another employee and confirmed that the CBA provided for loss of seniority rights, including termination, when covered employees were unable to work for 18 or more months. (NOL Ex. 4, Wolner Depo. at 74:14-75:7; 198:10-21; Ex. O, Arbitration Decision dated Feb. 18, 2009.) On February 23, 2009, Sysco SD terminated Plaintiff's employment pursuant to Article 24(1)(9) of the CBA because he had been unable to perform bargaining-unit work for over 23 months and lost his seniority under the CBA.

### I. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). A dispute is genuine if a reasonable jury

could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts...." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

## II. Discussion

### A. Plaintiff's Claims Under the LMRA

"Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, 'provides a statutory mechanism for vindicating contract rights under a collective bargaining agreement.'" Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 985 (9th Cir. 2007) (quoting Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 511 (9th Cir. 1978).

1  Although claims arising under a collective bargaining agreement are generally brought by
2  the union, "it is well settled that rights which are personal rights of the employees may be
3  enforced by them directly under section 301." Id. (citing Lerwill, 582 F.2d at 511); see also
4  DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 163 (1983) ("It has long been
5  established that an individual employee may bring suit against his employer for breach of a
6  collective bargaining agreement." Thus, a former employee may properly asserts claims
7  involving wrongful discharge in a direct suit against the employer under section 301.
8  Soremekun, 509 F.3d at 985; Lerwill, 582 F.2d at 511. Such a suit comprises two causes of
9  action: a breach of the collective bargaining agreement against the employer, and a breach
10 of the union's duty of fair representation. DelCostello, 462 U.S. at 164. To prevail against
11 either the company or the union, the plaintiff must not only show that his discharge was
12 contrary to the contract but must also carry the burden of demonstrating a breach of duty by
13 the union. Id. at 165.

14  Defendant Sysco San Diego argues that Plaintiff's claim against Sysco SD fails as a
15 matter of law, because Plaintiff has not met his burden of demonstrating breach of duty by
16 the union. (Doc. No. 77 at 7.) Defendants argue that Plaintiff cannot show that Local 683
17 breached its duty to the Plaintiff, because Local 683 did not contest Plaintiff's discharge.
18 (Id.) Plaintiff has alleged that Local 683 breached its duty of fair representation when it
19 allegedly "handled his grievance in an arbitrary and perfunctory manner and failed to
20 undertake a minimal investigation into the merits of his grievance." (TAC ¶ 57; Sur-Reply
21 at 3.)

22  **B.  Union's Duty of Fair Representation**

23  "'The duty of fair representation is a judicially established rule imposed on labor
24 organizations because of their status as the exclusive bargaining representative for all of the
25 employees in a given bargaining unit.'" Beck v. United Food & Commercial Workers
26 Union, Local 99, 506 F.3d 874, 879 (9th Cir. 2007) (quoting Peterson v. Kennedy, 771
27 F.2d 1244, 1253 (9th Cir. 1985). "A union breaches its duty of fair representation when its
28 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or

in bad faith.'" Id. (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). In order to determine whether a union breached its duty of fair representation, the Court must first determine whether the alleged misconduct involved the union's judgment, or whether it was procedural or ministerial in nature. Wellman v. Writers Guild of Am., 146 F.3d 666, 670 (9th Cir. 1998). If the conduct was procedural or ministerial, then the plaintiff may prevail if the union's conduct was arbitrary, discriminatory, or in bad faith. Id. However, "if the conduct involved the union's judgment, then the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith." Wellman, 146 F.3d at 670 (citations omitted). A union's decision not to pursue a grievance is considered an exercise of its judgment. Id. at 671. But, to be sure that the union is employing some principled way of screening the meritorious grievances from the meritless ones, the Ninth Circuit has held that "a union must conduct some minimal investigation of grievances brought to its attention." Id. (quoting Tenorio v. NLRB, 680 F.2d 598, 601 (9th Cir. 1982)).

Plaintiff argues that Local 683 breached its duty of fair representation, because it failed to adequately investigate the facts surrounding Plaintiff's termination and made the decision not to arbitrate his termination. (Doc. No. 81 at 3.) The Court disagrees. As evidenced by the testimony of Todd Mendez, the union's Secretary-Treasurer, as well as by the allegations in Plaintiff's complaint, Local 683 conducted an investigation into Plaintiff's termination. Defendant has offered evidence that after Sysco SD notified Local 683 that it was going to terminate Plaintiff, Local 683 and its counsel met with Plaintiff and asked him if he could provide documentation from his doctors releasing him to full duties during the 18-month time period following his injury. (Doc. No. 71-5, Mendez Depo. at 238:1-20.) Furthermore, the Third Amended Complaint alleges that "[t]he business agent informed Plaintiff that Defendant Local 683 may be able to do something if Plaintiff had a document stating that he was released to go back to work in 18 months." (TAC ¶ 51.) Plaintiff concedes in the Third Amended Complaint that he could not provide Local 683 with a medical release to return to full duties during the 18-month time period between March 2006 and September 2007. (Id. ("[On March 18, 2009] the Business Agent

1  informed Plaintiff that the documents did not state that Plaintiff could return to work, and
2  therefore, they were not good enough.").)  Thus, Plaintiff's contention that Local 853 did
3  not conduct any investigation before deciding not to pursue his grievance is
4  unsubstantiated.  Likewise, Plaintiff does not offer any evidence to support his contention
5  that an investigation would have revealed that Ruiz was available to return to work within
6  18 months.  (See Doc. No. 80 at 9.)

7        The Court concludes that Local 683's decision not to pursue a grievance on
8  Plaintiff's behalf was not discriminatory or bad faith conduct.   Wellman, 146 F.3d at 670.
9  Local 683 had a rational basis for exercising its judgment not to arbitrate Plaintiff's
10  termination.  The union determined that it did not have grounds to pursue a grievance under
11  Article 24(1)(9) of the CBA, because the arbitrator decided that the CBA provided for
12  termination when covered employees were unable to work for 18 or more months due to
13  injury.  (Mendez Depo. at 238:1-20; Doc. No. 71-5, Ruiz Depo. at 314:23-315:9; TAC ¶ 52
14  ("[On April 20, 2009] Plaintiff received a letter from defendant Local 683 stating that
15  Local 683 deemed Plaintiff's termination warranted pursuant to the CBA.").)  The union's
16  decision not to engage in arbitration process was an intentional exercise of judgment and is
17  insufficient to support a claim for breach of the duty of fair representation.  See Stevens v.
18  Moore Business Forms, Inc., 18 F.3d 1443, 1447-49 (9th Cir. 1994).  Moreover, Plaintiff
19  has not offered any evidence that Local 683 handled his grievance in a perfunctory fashion.

20        The Court concludes that Plaintiff fails to state a claim for a breach of the union's
21  duty of fair representation.  Plaintiff cannot prevail against the employer if he does not
22  meet the burden of demonstrating a breach of duty by the union. See DelCostello, 462 U.S.
23  at 165; Vaca, 386 U.S. at 186.   Accordingly, the Court grants Defendant Sysco SD's
24  motion for summary judgment as to Plaintiff's claim under the LMRA.
25  ///
26  ///
27  ///
28  ///

## Conclusion

For the reasons above, the Court GRANTS Defendant Sysco San Diego's motion for summary judgment as to Plaintiff's claims for unlawful discharge and breach of union's duty of fair representation, 29 U.S.C. § 185.

**IT IS SO ORDERED.**

DATED: August 16, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT